UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOHN BARTLOW and DANIEL C. CLINE, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:11-CV-400 |
| v. | ) ) ) | (SHIRLEY) |
| GRAND CROWNE RESORTS OF PIGEON FORGE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 17]. Now before the Court is the parties' Amended Joint Motion for Approval of Settlement and Dismissal of Case with Prejudice [Doc. 39].[1] The Court held a telephone conference to address this motion on December 14, 2012. Attorney Gregory Coleman was present representing the Plaintiffs, and Attorney Jerome Pinn was present representing the Defendants.

The parties have filed an Amended Joint Motion for Approval of Settlement [Doc. 39], which requests the Court's approval of a settlement of Plaintiffs' claims filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.* For the reasons that follow, the settlement will be approved and the parties' motion will be **GRANTED**.

---

[1] The parties originally filed Joint Motion for Court Review and Approval of Settlement and Dismissal of Case with Prejudice [Doc. 38]. The Court, however, found that this motion was insufficient and scheduled a telephone hearing. The parties then filed the present, amended motion [Doc. 39] before the Court on December 13, 2012.

# I.    APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement."  Crawford v. Lexington-Fayette Urban County Gov., 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008).  "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'"  Id. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 706 (1945).  The first exception is settlement agreements that are supervised by the Department of Labor, and the second exception encompasses instances in which federal district courts approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA.  See Lynn's Food Stores v. U.S., 679 F.2d 1350, 1354 (11th Cir. 1982).

As held in Lynn's Food Stores v. United States,

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.

Id. at 1354.

In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a "fair and reasonable resolution

of a bona fide dispute over FLSA provisions." Id. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. Finally, a court proceeding over a FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

II.     ANALYSIS

The Court has considered counsel's representations on this issue, the parties' filings, and the evidence in the record. Most importantly, the Court has reviewed the Settlement Agreement and Release, along with documents calculating the Plaintiffs' recoveries, Plaintiffs' debts to Defendant Surrey, and attorney fees. Based upon this evidence, the Court finds as follows:

1.  The parties have actively litigated this dispute, and in the course of this litigation, the parties have participated in discovery and a healthy motion practice has taken place;

2.  The Plaintiffs' claims for back wages are accounted for in the proposed settlement now before the Court by at least 100%, based upon the computation of back wages, [see Doc. 39-2]. In addition, the Plaintiffs are receiving 100% of liquidated damages [Doc. 39-2];

3.  The parties agree that Defendant Surrey's counterclaim is dismissed, and Defendant Surrey agrees to forgo collection of actual amounts owed by the Plaintiffs;

4.  As part of the proposed settlement, no attorney's fees will be taken out of the Plaintiffs' award, see Settlement Agreement and Release No. 2;

5. Plaintiffs' counsel has billed at a discounted hourly rate. The billing rate represents an approximate twenty-five percent discount from the normal billing rates. In addition, the Plaintiffs' counsel did not include over 20 hours of additional attorney time expended in reaching a settlement in this case and paralegal fees;

6. Further, the Plaintiffs' award will not be reduced in any way to account for expenses incurred in the amount of $1,665.88, and thus, the Plaintiffs will receive the full amount of the award listed in the Settlement Agreement and Release; and

7. The Defendant has agreed that the expenses submitted to the Court are fair, and these expenses, as stated above, will be deducted from counsel's fees award not from the Plaintiffs' award.

Based upon these findings of fact, the Court finds that a bona fide dispute existed as whether Plaintiff was an exempt employee under the FLSA. This case and the negotiations that resulted in a settlement were held at arms' length with all parties being represented by experienced and reputable counsel. Although the Court acknowledges that at first glance, the Plaintiffs' attorney's fees appear to be exorbitant, particularly when compared to the Plaintiffs' recovery, this is an amount that the Defendants agree is reasonable in the instant case. In addition, as noted above, the Plaintiffs' attorney did not include time expended in reaching a settlement and did not include paralegal fees. Moreover, the Plaintiffs are not being charged for expenses incurred in the amount of $1,665.88 during the course of this litigation. In short, the Plaintiffs came to realize that litigation in this case did not have much value as was originally anticipated. The Plaintiffs are virtually recovering all that they could have expected to recover at trial, without any deductions. In fact, Defendant Surrey has agreed to forgo collection of the

Plaintiffs' debts. Accordingly, it is difficult to oppose settlement in this case, despite the disproportion between Plaintiffs' recovery and attorney fees.

Thus, based upon the evidence before it, the Court finds that the parties' settlement is a fair and reasonable compromise of a bona fide dispute, which takes into account each party's interests, benefits, and rights pursuant to the framework set out in Lynn's Foods, 679 F.2d at 1354-55.


III.     **CONCLUSION**

Thus, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.     The mutual settlement agreement among the parties is hereby **APPROVED** as being a fair, just, adequate, and reasonable compromise of a bona fide dispute, including all disputed issues of law and fact in this action;

2.     The parties' Amended Joint Motion for Approval of Settlement and Dismissal of Case with Prejudice [Doc. 39] is hereby **GRANTED**; and

3.     It is hereby **ORDERED** that this case is **DISMISSED WITH FULL PREJUDICE**, with costs to be borne pursuant to the Settlement Agreement and Release.

**IT IS SO ORDERED.**

ENTER:


        s/ C. Clifford Shirley, Jr.
United States Magistrate Judge